UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LINDA K. WESTFALL,

                                 Plaintiff,

                  v.

ANDREW SAUL,
Commissioner of Social Security,

                                 Defendant.
_____

DECISION AND ORDER

18-CV-1243L

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On May 28, 2015, plaintiff, then sixty years old, filed an application for a period of disability and disability insurance benefits, alleging an inability to work since February 25, 2015. (Administrative Transcript, Dkt. #5 at 15). Her application was initially denied. Plaintiff requested a hearing, which was held on December 18, 2017 before Administrative Law Judge ("ALJ") Stephen Cordovani. The ALJ issued a decision on February 14, 2018, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #5 at 15-27). That decision became the final decision of the Commissioner when the Appeals Council denied review on September 17, 2018. (Dkt. #5 at 1-3). Plaintiff now appeals from that decision.

The plaintiff has moved for remand of the matter (Dkt. #8), and the Commissioner has cross moved (Dkt. #11) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For

the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records, with particular focus on her treatment notes for fibromyalgia and degenerative disc disease of the spine, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. Although the record also included treatment records for, inter alia, adjustment disorder with mixed anxiety and depressed mood and panic attacks, the ALJ found that these impairments did not cause more than a minimal limitation on plaintiff's work-related mental abilities, and thus found them to be non-severe. (Dkt. #5 at 17-18).

The ALJ found that plaintiff has the residual functional capacity ("RFC") to perform light work, except that plaintiff can no more than frequently reach, handle, or finger, and can no more than occasionally perform overhead work. Based on this finding and the testimony of vocational expert Sugi Y. Komarov, the ALJ concluded that plaintiff's RFC permits her to perform her past relevant work as a cashier II and fast food service manager. (Dkt. #5 at 26-27).

## I. Treating Physician Opinions

It is well-settled that "the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000). In determining what weight to give a treating physician's opinion, the ALJ must consider: (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the treating physician's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist. 20 C.F.R. §404.1527(d)[1].

Further, the ALJ must articulate his reasons for assigning the weight that he does accord to a treating physician's opinion. *See Shaw*, 221 F.3d at 134. *See also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("[f]ailure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand") (internal quotations omitted). An ALJ's failure to apply these factors and provide reasons for the weight given to the treating physician's report is reversible error. *Id.*, 177 F.3d at 134.

Here, the record contained multiple opinions by plaintiff's treating physicians, none of which were granted controlling weight by the ALJ.

Plaintiff's treating primary care physician, Dr. Nisha Sharma, rendered opinions concerning plaintiff's exertional and nonexertional impairments on June 15, 2015 and December 2, 2015. (A third, cursory opinion rendered May 23, 2016, was properly rejected by the ALJ as a

---

[1] Changes to the Administration's regulations regarding the consideration of opinion evidence eliminate application of the "treating physician rule" for claims filed on or after March 27, 2017. For the purposes of this appeal, however, the prior version of the regulation applies.

3

conclusory opinion on the ultimate issue of disability, which is reserved for the Commissioner). (Dkt. #4 at 583).

Dr. Sharma's June 15, 2015 opinion noted that Dr. Sharma had treated plaintiff for seven years, and listed her diagnoses including fibromyalgia, anxiety, irritable bowel syndrome, panic attacks, insomnia, unintentional weight loss, GERD, peripheral neuropathy, gall bladder disease, and some additional, illegible notations. Dr. Sharma opined that plaintiff's symptoms were expected to last for more than 12 months, and that cognitive symptoms would prevent her from performing even simple, repetitive tasks. Dr. Sharma stated that despite a "long standing history of fibromyalgia, unintentional weight loss, [illegible] issues, anxiety, [and] insomnia," plaintiff has had "trouble getting diagnosed and [obtaining] care due to lack of insurance and side effects from [her] medications." Dr. Sharma further observed that "[plaintiff] has tried to sustain a job for longer than what her health permitted her." (Dkt.# 5 at 25, 331, 583).[2] The ALJ rejected this opinion as "conclusory and vague," given that it was a set forth on a one-page, fill-in-the-blank form and failed to set forth a function-by-function analysis of plaintiff's work-related limitations.

The ALJ's discrediting of Dr. Sharma's partially-illegible June 15, 2015 opinion without recontacting her for clarification or elaboration, and his failure to consider any of the factors relevant to the evaluation of a treating physician's opinion, is error. *See Delgado v. Berryhill*, 2018 U.S. Dist. LEXIS 41745 at *36-*37 (D. Conn. 2018) (rather than rejecting a treating physician's opinion for vagueness, the ALJ should have recontacted the physician); *Isernia v. Colvin*, 2015 U.S. Dist. LEXIS 126871 at *28 (E.D.N.Y. 2015) ("[t]he law is clear beyond cavil

---

[2] The record indicates plaintiff worked fairly consistently from in or about 1972 through 1984, and 1991 through 2015. Over the 20 years prior to the alleged disability onset date, she was variously employed as a teacher's aide, store manager, gas well chart integrator, cashier and hardware store clerk. (Dkt. #5 at 241-42, 295). She was "pulled . . . out of work" by Dr. Sharma, beginning February 25, 2015 (the alleged onset date), in order to focus on treatment for symptoms of fibromyalgia and anxiety from which Dr. Sharma stated plaintiff was "suffering a lot." (Dkt. #5 at 52, 295, 335). On June 15, 2015, Dr. Sharma advised plaintiff to "stay off work indefinitely." (Dkt. #5 at 341).

4

that where, as here, a treating physician's opinion is found by the ALJ to be vague or unclear, it is incumbent on the ALJ to recontact the treating physician for clarification of his or her opinion"); *Rankov v. Astrue*, 2013 U.S. Dist. LEXIS 46969 at *28-*31 (E.D.N.Y. 2013) (ALJ committed reversible error where she declined to grant controlling weight to treating physician because the form submitted by the physician was cursory and/or ambiguous: to the extent the ALJ was concerned that checkmarks on the form lacked a proper clinical foundation, she was required to request clarification from the physician before discounting his opinion).

Dr. Sharma's December 2, 2015 opinion described plaintiff's mental limitations in some detail, and specified, in addition to numerous moderate limitations, marked limitations in the ability to understand and remember detailed instructions, maintain attention and concentration, maintain a routine, perform within a schedule, work with others, complete a workday, respond appropriate to criticism, travel or use public transportation, and make realistic goals or plans independently from others. (Dkt. #5 at 522-24).

The ALJ gave this opinion "little" weight on the grounds that it was "not consistent with the totality of the evidence, including the claimant's activity level and the grossly normal mental status findings in the correlating treatment records." (Dkt. #5 at 25). However, the ALJ did not identify any "normal mental status findings," or otherwise describe any treatment records which were inconsistent with Dr. Sharma's opinion. To the contrary, plaintiff's treatment records at the time of the alleged onset date note anxiety, flat affect, restlessness and decreased concentration, and she was referred to a therapist for mental health treatment. (Dkt. #5 at 335). The ALJ also provided no explanation of how plaintiff's daily activities – consisting of some periodic, light household chores and a rug-hooking hobby, per her hearing testimony – contradicted the limitations Dr. Sharma described.

5

The ALJ's finding that Dr. Sharma's December 2, 2015 opinion was inconsistent with the evidence of record, without any elaboration or identification of contradictory evidence, does not satisfy the ALJ's duty to provide "good reasons" for rejecting the treating physician's opinion, or provide this Court with an opportunity to meaningfully review the ALJ's reasoning. *See Gatien v. Berryhill*, 2017 U.S. Dist. LEXIS 205916 at *12, *17 (E.D.N.Y. 2017) (ALJ's rejection of treating physician opinion on the grounds that it was "not fully supported by the objective medical evidence" was unsupported by any "good reasons," given the ALJ's failure to identify any contradictory evidence, or to apply the treating physician rule, and remand is therefore required). The ALJ's finding that Dr. Sharma's opinions were vague and/or unsupported is wholly conclusory. His failure to apply the treating physician rule or to give "good reasons" for declining to grant controlling weight to Dr. Sharma's opinions infected his analysis, both with respect to his step 2 determination that plaintiff's mental health impairments were not "severe," and with respect to his step 4 determination of plaintiff's RFC.

Similarly, the ALJ failed to appropriately weigh the opinions of plaintiff's treating neurosurgeon, Dr. Franco Vigna. On June 4, 2015, Dr. Vigna opined that plaintiff could sit, stand and/or walk for only 4 hours per day, required a sit-stand option, and could only lift or carry up to 20 pounds, and no more than occasionally lift any amount of weight. (Dkt. #5 at 327). The ALJ gave Dr. Vigna's opinion only "some" weight, arguing that it was vague, and "rendered too close to the alleged onset date of disability to attach any great long-term significance in light of the subsequent treatment history and activity level of the claimant." (Dkt. #5 at 25). The ALJ did not, however identify any treatment history showing subsequent improvement in plaintiff's exertional abilities, or cite to any records or reports concerning plaintiff's "activity level" that would contradict Dr. Vigna's opinion. As with Dr. Sharma's opinions, the ALJ failed to apply

6

the treating physician rule, and his conclusory assertion that Dr. Vigna's opinion was somehow unsupported or contradicted by the record does not, without elaboration, constitute "good reasons" for rejecting it.

Where, as here, "'there are gaps in the administrative record or the ALJ has applied an improper legal standard,'" the appropriate course is to remand the matter to the Commissioner for further development of the evidence. *See Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (quoting *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980)). This is not a case "[w]here the existing record contains persuasive proof of disability and a remand for further evidentiary proceedings would serve no further purpose." *Martinez v. Commissioner*, 262 F.Supp.2d 40, 49 (W.D.N.Y. 2003). *See also Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). Remand is required so that the Commissioner can apply the proper legal standards in weighing the evidence of record, and to obtain additional evidence and clarification, as appropriate, from plaintiff's treating physicians and/or other treating medical sources. *See Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999).

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was not supported by substantial evidence. The plaintiff's motion for judgment on the pleadings (Dkt. #8) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #11) is denied, and this matter is remanded for further proceedings.

On remand, the ALJ should reevaluate the opinions of plaintiff's treating physicians, with a detailed application of the treating physician rule and specific citations to the evidence of record, beginning with the step 2 determination of plaintiff's severe impairments. To the extent that the

ALJ finds that additional evidence and explanation would assist in his analysis, the ALJ is directed to recontact plaintiff's treating physician(s) to request clarification and/or updated opinions.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
March 12, 2020.